UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA ALEJANDRA JACO CASTILLO,<br><br>                          Petitioner,<br><br>v.<br><br>OTAY MESA DETENTION CENTER,<br><br>                          Respondent. | Case No.:  3:26-cv-2093-CAB-VET<br><br>**ORDER:**<br>**(1) DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND; and**<br><br>**(2) DENYING AS MOOT MOTIONS TO EXPEDITE, FOR IMMEDIATE RELEASE, FOR STAY OF REMOVAL, AND FOR TEMPORARY RESTRAINING ORDER [Doc. Nos. 2–5].** |

Before the Court is a petition for a writ of habeas corpus filed by Mirna Castillo on behalf of her sister Cecilia Alejandra Jaco Castillo ("Petitioner"), [Doc. No. 1 ("Petition")], along with several motions intended to expedite the Court's consideration of her petition, [Doc. Nos. 2–5].  The Petition claims that Petitioner is detained by Immigration and Customs Enforcement ("ICE") in violation of the Fifth Amendment.  [Petition at 12–15.] For the following reasons, the Court **DISMISSES** the Petition with **LEAVE TO AMEND**.

A habeas petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242; *see Coal. of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1158 (9th Cir. 2002) (evaluating next-

1

friend standing in context of habeas petitions).  "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner."  *Massie ex rel. Kroll v. Woodford,* 244 F.3d 1192, 1194 (9th Cir. 2001).

Here, the Court does not find the first prong satisfied.  The Petition generally states that Petitioner fears retaliation if she personally pursues her case but does not provide any specific examples, such as of the alleged "actual threats and prior transfer history." [Petition at 14.]  The Court is familiar with the difficulties inherent in pro se proceedings involving detained individuals.  However, this judicial district has received numerous pro se filings from immigration detainees over the past six months.  Without specific allegations regarding Petitioner's individual inability to file, the Court does not find that the first prong of the next-friend inquiry is met.

Additionally, "[w]hile a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"  *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987)); *see also Leon v. U.S. Dep't of Homeland Sec.*, No. 26-CV-00200-BAS-MMP, 2026 WL 112049, at *1 (S.D. Cal. Jan. 14, 2026).  Even if the Court were to grant next-friend status to Petitioner's sister, she may not represent Petitioner without an attorney.  Alternatively, Petitioner may file her own petition and appear pro se.

///

///

///

///

///

///

///

///

The Court therefore **DISMISSES** the Petition with **LEAVE TO AMEND** by **May 4, 2026**.  The Court also **DENIES AS MOOT** the pending motions.  [Doc. Nos. 2–5.]  Finally, the Clerk of the Court shall close the case.  If an Amended Petition is filed that corrects the deficiencies identified above, the Court will reopen the case.

It is **SO ORDERED**.

Dated:  April 7, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge